ROBERT L. LEACH, State Superintendent of Banking, Appellant, v. BATTLE CREEK SAVINGS BANK et al., Appellees.

**BANKS AND BANKING:** Insolvency—General (?) or Preferred (?)
1  **Creditor.** A bank which pays a series of checks on foreign banks and remits the checks to its correspondent with direction to collect and "to credit" the paying and remitting bank, thereby makes itself one of the *general creditors* of the collecting bank and deprives itself of the right of preference which it otherwise would have had, had the relation of principal and agent been created (the collecting bank having subsequently become insolvent).

**BANKS AND BANKING:** Insolvency—Shifting Relation of Debtor and
2  **Creditor.** When the general course of dealing between two banks is for each to cash checks drawn upon the other and then to exchange the checks and adjust the same by mutual credits and debits, they thereby voluntarily create a shifting relation of debtor and creditor, and the one which is the final creditor will not be entitled to a preference in payment out of the assets of the debtor if it becomes insolvent.

**BILLS AND NOTES:** Drafts and Checks—Operation and Effect in re
3  **Assignment.** A bank which pays checks drawn on foreign banks and remits said checks to its correspondent bank for collection is not entitled to be preferred in the payment of its claim (the collecting bank having become insolvent) on the *naked* showing that it holds the unpaid draft of the collecting bank for the amount of said collection.

Headnote 1:   7 C. J. p. 627 (Anno.) · Headnote 2:   7 C. J. p. 627
(Anno.)   Headnote 3:   7 C. J. p. 627 (Anno.)

*Appeal from Ida District Court.*—E. G. Albert, Judge.

### December 14, 1926.

Appeal of the state superintendent of banking, as receiver for an insolvent state bank, from the allowance of a preferred claim against the assets of the bank.—*Reversed.*

*Ben J. Gibson,* Attorney-general, and *Campbell & Campbell,* for appellant.

*Charles S. Macomber,* for appellees.

Vermilion, J.—The Battle Creek Savings Bank closed its doors on February 20, 1924. Subsequently, the state superintendent of banking was appointed receiver, and the bank is being liquidated as insolvent. The appellee Anderson, Lipton & Company operated a bank at Ida Grove. On February 19, 1924, the Battle Creek Savings Bank drew its draft for $500 on the Peoples Trust & Savings Bank of Clinton, payable to the order of the appellee, and forwarded the draft by mail to the appellee. On presentation of the draft at the drawee bank, after the Battle Creek bank had closed, payment was refused, and the draft went to protest. Appellee's claim for a preference is based upon the draft and the transaction out of which it arose.

<span style="font-variant: small-caps;">1. Banks and Banking: insolvency: general (?) or preferred (?) creditor.</span>

The evidence shows quite conclusively that, for a considerable time prior to the transaction in question, the Battle Creek bank maintained a deposit with the appellee. The latter's books so show, an officer of the insolvent bank so testified, and the course of dealing between the banks was consistent only with that conclusion. The appellee, when it received checks on the Battle Creek Savings Bank or other banks in the same town, would charge them to the deposit account of the Battle Creek bank on its books, and forward them for collection to that bank. On the other hand, when the Battle Creek Savings Bank received checks on the appellee, or other banks at Ida Grove, they

were charged to appellee and forwarded, and by appellee credited to the Battle Creek Savings Bank's deposit account.  At times, the Battle Creek bank, when the balance of items so interchanged was against it, would forward its drafts on other banks to replenish the account, and maintain a balance in it.  At times, the account showed an overdraft.

On February 15th, the balance to the credit of the Battle Creek bank with appellee, as shown by the books of the latter, was $252.79.  On February 16, 1924, the appellee charged the account of the Battle Creek bank with $777.89, and forwarded to that bank checks aggregating that amount.  Some of these checks were drawn on the Battle Creek Savings Bank, and the others were on other banks in Battle Creek.  With the checks so forwarded was a list of the items on a letter or slip in the usual form used, and reading:  ''Enclosed please find for collection and credit items as stated below.''

After this charge, the account showed an overdraft.  The books of the Battle Creek bank show a remittance to appellee on February 18th of $504.22, consisting of a check for $4.22 on an Ida Grove bank, and the draft in question for $500, which was dated on the following day.  The result of these transactions, in connection with other items on both sides of the account and not here involved, would have been, had the draft been paid, to leave a balance with appellee to the credit of the Battle Creek bank of $56.28.

I. It is quite apparent that the relation between the Battle Creek Savings Bank and the appellee was that of debtor and creditor.  This is true, not only of the general course of dealing between them, of which the transaction in question was but an incident, but of the particular transaction itself.  The amount of the checks sent by appellee to the Battle Creek bank on February 16th was charged by appellee to the deposit account of the bank.  This was not only in accordance with the course of dealing between them, but, by the appellee's letter accompanying the checks, it appears that they were sent for ''collection and credit.''  The case is in this respect clearly to be distinguished from *Brown v. Sheldon St. Bank,* 139 Iowa 83, *Messenger v. Carroll Tr. & Sav. Bank,* 193 Iowa 608, and other like cases, where items were sent for collection and remittance, and the relation of principal

and agent was created and continued to exist with respect to the amount collected.

The relation of principal and agent never existed with respect to checks drawn on the Battle Creek bank which were forwarded to it by appellee. *Leach v. Citizens St. Bank (Federal Reserve Bank of Chicago, Intervener)*, 203 Iowa ——. Such a relation could have been created with respect to the checks on other banks sent by appellee to the Battle Creek bank for collection, but it was not created, and did not exist when the checks were sent for collection and credit. It is not material, at this point, which bank was the depositor and which the depositary, or whether the account showed a balance in favor of the depositor or an overdraft. The appellee, under its course of dealing and by its specific direction, made itself the creditor of the Battle Creek bank when it charged the amount of the checks to the bank and forwarded them for credit. The fact that by such charge the account was overdrawn, did not change the relation between the parties. The draft in question was not issued in settlement or payment of the specific checks sent by appellee, nor did it represent the proceeds of their collection. It was but a remittance for deposit in the Battle Creek bank's account with appellee. Without the draft, the appellee, by charging the checks to the deposit account of the Battle Creek bank, created an overdraft in the account, and made itself the creditor of the bank to the amount of the overdraft. The draft, had it been paid, would have wiped out the overdraft and made appellee the debtor to the amount of the balance of the deposit account. The relation between the parties was always that of debtor and creditor, and out of this relation no trust and no right to a preference arose.

2. BANKS AND BANKING: insolvency: shifting relation of debtor and creditor.

II. But, had the draft represented the proceeds of the collection of the checks sent by appellee, the mere fact that appellee is the holder of the unpaid draft would give no right to a preference, where no such right existed by virtue of the transaction out of which the draft arose. We have had recent occasion to consider the rights of the holder of the draft of an insolvent bank, and have denied the claim of a preference predicated on the draft alone. *Leach v. Mechanics Sav. Bank,*

3. BILLS AND NOTES: drafts and checks: operation and effect *in re* assignment.

202 Iowa 899; *Leach v. Battle Creek Sav. Bank (Alexander, Intervener)*, 202 Iowa 875; *Leach v. Citizens St. Bank (Federal Reserve Bank of Chicago, Intervener)*, supra. These cases are controlling, and are conclusive as against any claim of preference based upon the draft.

It follows that the judgment and order establishing appellee's claim as a preferred claim must be and is—*Reversed.*

DE GRAFF, C. J., and EVANS, STEVENS, FAVILLE, and MORLING, JJ., concur.

ALBERT, J., takes no part.