No. 27,086.

MASSEY-HARRIS HARVESTER COMPANY, *Appellant,* v. THE FIRST STATE BANK OF CUNNINGHAM and WILLIAM DOCKING, Receiver (CHARLES W. JOHNSON, substituted), *Appellees.*

SYLLABUS BY THE COURT.

BANKS AND BANKING — *Insolvency — Preferences — Cashier's Check Issued for Money Collected.*   Where a bank receives payment of a note placed with it by the owner for collection, and upon request of the owner delivers him a cashier's check for the amount, there being then cash on hand sufficient to meet it, the position of the owner becomes that of a creditor of the bank, entitled to no preference over ordinary creditors upon the failure of the bank leaving unpaid a draft, which was given by it on presentation of the check. ·

Appeal from Kingman district court; GEORGE L. HAY, judge.   Opinion filed January 8, 1927.   Affirmed.

*Samuel Feller,* of Kansas City, Mo., for the appellant.
*Clark A. Wallace* and *Paul R. Wunsch,* both of Kingman, for the appellees.

The opinion of the court was delivered by

MASON, J.:   This is an appeal from a judgment against a plaintiff who sought to have a demand against the receiver of an insolvent bank, at Cunningham, declared a preferred claim, as constituting a trust fund.

The plaintiff, the Massey-Harris Harvester Company, of Kansas City, in July, 1925, sent a note to the bank for collection.   About August 15 the bank collected $3,184 on the note and reported the fact, asking what to do with the proceeds.   The plaintiff answered by wire directing a draft to be sent.   This was not done, but on

Banks and Banking, 7 C. J. p. 616 n. 70; 10 L. R. A. n. s. 928; 39 L. R. A. n. s. 563; 17 A. L. R. 196; 21 A. L. R. 680; 3 R. C. L. 643.

August 21 a representative of the plaintiff called at the bank and asked a settlement. The banker asked him how he wanted the remittance, and he answered that he would take a cashier's check. A cashier's check for $3,180 was given him, $4 being held as a collection charge. The bank at that time had more than that amount of cash on hand. The plaintiff's representative at once sent the cashier's check to the plaintiff at Kansas City. It was there deposited for collection and in the usual course of business reached the Cunningham bank on August 29. On that day the bank sent to the forwarder of the check a draft drawn by it on the Federal Trust Company, of Kansas City, for $8,262.28, which included the amount of the cashier's check. This draft was presented to the drawee on August 31, payment being refused. It has never been paid. On September 8 the plaintiff was notified that the check had been charged back to its account. The last day on which the Cunningham bank was open for business was September 5. The sixth was Sunday and the seventh was Labor Day. The bank commissioner took charge on the eighth. The cash on hand then amounted to $400.

We think the plaintiff was entitled to no preference over general creditors of the bank. After the bank had made the collection of the note we may assume the relation between the plaintiff and it was that of principal and agent and not creditor and debtor; and that if the bank had been closed while that condition existed the plaintiff would have been entitled to reclaim the money as its own. But when the plaintiff by its representative, having the opportunity to receive in cash the proceeds of the note, chose instead to accept a cashier's check—doubtless for convenience in transmission—it voluntarily placed itself in the attitude of an ordinary depositor. The situation is substantially the same as though the money had been paid over the counter and the plaintiff had then used it to purchase the cashier's check.

Where the holder of a check presented it to the bank on which it was drawn and upon his request was given for it a draft on another bank, which was refused payment because the bank drawing it failed before its presentation, a preference was claimed as in this case. The court said:

"The transaction was the ordinary one of the purchase of a draft for convenience in the remitting of money, and the giving to it of a different name cannot alter its essential character. In a stipulation regarding the facts upon

which, together with the plaintiff's evidence, the case was submitted, it was stated that the plaintiff was at no time a creditor of the failed bank, but this statement cannot overcome the effect of the specific facts admitted and shown, if inconsistent with them. It must be interpreted as meaning either that the plaintiff was not a creditor of the bank, except so far as that relation was created by the facts already recited in detail, or as a mere conclusion of law, to be disregarded by the court if found to be incorrect." (*Clark v. Bank,* 72 Kan. 1, 2, 82 Pac. 582.)

In another case it was said:

"In this case the Chetopa State Bank was the holder of checks drawn by various individuals upon the Farmers & Merchants State Bank. It presented these checks at the time of clearing for payment. It was in the same situation as though it had taken the checks direct to the Farmers & Merchants State Bank and there purchased a draft for them, or in the same situation as though it had purchased a draft from the Farmers & Merchants State Bank for cash.

The great weight of authority is that under such circumstances the relation of debtor and creditor is created and not that of trustee and *cestui que trust.* In all, or nearly all, of the cases holding to the contrary some other element enters into it, as that of fraud or fiduciary relationship, which, as we have already seen, are not present in this case." (*State Bank v. State Bank,* 114 Kan. 463, 467, 218 Pac. 1,000.)

To meet this line of argument the plaintiff cites a number of cases holding that the acceptance of a cashier's check by a creditor is not an absolute payment, but merely a conditional payment depending on the payment of the check. In none of these cases, however, is that principle so applied as to warrant a preference over general creditors in such a situation as that here presented. The plaintiff also cities several cases in which language is used to the effect that the giving of a cashier's check does not change the nature of the debt, but that rule likewise is applied in circumstances quite unlike those here presented, and where the question to be determined was not whether the relation of debtor and creditor resulted.

In view of the conclusion announced we need not consider whether, if the trust character of the deposit were conceded, there was a sufficient showing that the funds in the hands of the receiver were augmented by it.

The judgment is affirmed.