L. A. ANDREW, Appellee, v. CITIZENS STATE BANK OF EAGLE GROVE, Appellee; BANKERS TRUST COMPANY, Appellant.

**BANKS AND BANKING:** Insolvency—Preference—Draft Remittance —Effect. Trust funds in a bank lose their trust character and become general assets of the bank when the bank, under authority from the owner of the trust funds, remits to the owner its draft for the amount of said trust funds. The loss of said trust character necessarily precludes any claim of preference in case of the subsequent insolvency of the drawer bank.

Headnote 1:   7 C. J. pp. 633 (Anno.), 751.

*Appeal from Wright District Court.*—SHERWOOD A. CLOCK, Judge.

MARCH 15, 1927.

Appeal from an order denying a preference to the Bankers Trust Company, claimant, on its claim filed with the receiver of the Citizens State Bank of Eagle Grove, insolvent.—*Affirmed.*

*Sylvester Flynn,* for appellant.

*John Fletcher,* Attorney-general, and *Birdsall, McGrath & Archerd,* for appellee.

DE GRAFF, J.—The Citizens State Bank of Eagle Grove operated as a banking institution for a number of years prior to the appointment, on December 19, 1925, of L. A. Andrew, superintendent of banking, as receiver. In 1924 and 1925, the bank had received from the Bankers Trust Company, A. B. A. travelers' checks. Upon receipt of each installment of checks, the bank executed a written agreement, which recited, *inter alia:*

"After receipt, checks are held by the consignee in trust for the trust company and the consignee shall be responsible for the safe-keeping of such checks. * * * The consignee, in its issue of the checks, shall sell them for the full face thereof. The charge to purchasers for such sales and issue is $3/4$ of 1%. One half of 1% is to be retained by the consignee and $1/4$ of 1% must be added to the remittance draft. The consignee immediately upon a sale of checks, shall remit to the trust company, the full face amount thereof in New York exchange or in exchange upon a Central Reserve city."

The bank had sold, on November 24 and 27, 1925, travelers' checks, and there was due the trust company the sum of $421.05.

On November 27, 1925, in compliance with its receipt-agreement with the trust company, the bank drew its draft upon the Northern Trust Company of Chicago for said sum, payable to the order of the Bankers Trust Company, and sent it, with a report of the sales, to the claimant herein. This method of remittance had been followed by the bank for several years.

It must be conceded that, in the first instance, a trust relationship existed between the bank and the trust company, by virtue of a written contract. However, under the express terms of the agreement, the bank was directed and obligated to remit to the trust company, immediately upon a sale of checks, the full face value thereof, by draft, either "in New York exchange or in exchange upon a Central Reserve city." The bank respected this provision, and did remit by exchange in conformity thereto, and by so doing terminated the trust relation.

The direction of a bank to remit proceeds by draft was the equivalent of the deposit of currency for the purchase of the draft at the bank's counter for that amount. The trust company simply bought the credit of the bank, and the money in

the hands of the bank lost its character as a trust fund, and the relation between the parties became instanter the relation of debtor and creditor.  *Leach v. Battle Creek Sav. Bank,* 203 Iowa 507; *Leach v. Iowa St. Sav. Bank of Manning (First Nat. Bank of Council Bluffs, Intervener),* 202 Iowa 894; *Leach v. Battle Creek Sav. Bank (Alexander, Intervener),* 202 Iowa 875; *Leach v. Exchange St. Bank of Stuart,* 203 Iowa 790.

The mere purchase of a draft does not give rise to a trust. *Leach v. Citizens St. Bank of Arthur (Federal Reserve Bank of Chicago, Intervener),* 203 Iowa 782.  See, also, *Leach v. City-Commercial Sav. Bank,* 203 Iowa 398.

We cannot escape the conclusion that, under the terms of the agreement, as evidenced by the receipt, and also the course of conduct between the parties for a period of ten or twelve years, the relation between the bank and the trust company in the particular matter under consideration was that of debtor and creditor.  This negatives the right to a preferential claim.

The order entered by the trial court must be, and is,— *Affirmed.*

EVANS, C. J., and ALBERT and MORLING, JJ., concur.