No. 28,842.

S. E. Copple, *Appellant,* v. The Kansas State Bank, and Charles W. Johnson, Receiver of the Kansas State Bank, *Appellee.*

(280 Pac. 762.)

Opinion filed October 5, 1929.

*W. M. Glenn,* of Tribune, and *J. Graham Campbell,* of Wichita, for the appellant.

*Martin F. Trued,* of Tribune, for the appellee.

The opinion of the court was delivered by

Hopkins, J.: The action was one against the receiver of a defunct bank to have plaintiff's demand declared a preferred claim against the bank's assets. The plaintiff was defeated in establishing a preferred claim, and appeals.

The facts were substantially these: The plaintiff made application for a loan through Clement L. Wilson, to the Bank Savings Life Insurance Company, of Topeka. The application was in writing and stipulated that the plaintiff employed Wilson to secure the loan. The loan was procured and after the title was approved, the money was sent to E. C. Bray, of Syracuse, who in turn delivered his check to Wilson in the amount of $905.42. The same day Wilson procured a cashier's check from the Kansas State Bank in the amount of $847.69, which he mailed to the plaintiff, living at Walton, Neb., together with an itemized statement showing the expenses incurred in securing the loan. The statement showed that Wilson received $57.73 for his work, that amount being the difference between $905.42 and $847.69, the amount of the cashier's check, and that Bray's commission was $100. The loan was for $1,000.

Bray, agent for the company, turned the money over to Wilson with the instruction to deduct certain items for taxes, abstracting

and recording. It is apparent that the loan could not have been procured until the work done by Wilson was completed. Wilson perfected the title and did everything necessary to secure this loan for the plaintiff. In fact, one of the necessary incidents in securing the loan was to get the title in shape, and for this service Wilson was paid by plaintiff. It cannot be said that Wilson had completed the task of securing the loan until he had remitted to plaintiff. Wilson performed every requirement that the agency embraced. Plaintiff received the cashier's check, and on the same day deposited it in his bank. When he accepted, indorsed and banked the cashier's check he placed his stamp of approval on the whole transaction. It was not until after the bank failed that he attempted to repudiate the acts of his agent.

In 2 C. J. 447 it is said:

"If a person desiring a loan makes known that desire to one who applies to a money lender and consummates the loan, the intermediary *prima facie* is the agent of the borrower, not of the lender, and justifies the lender in paying him the amount of the loan. So if the borrower, in a written application or otherwise, expressly makes the intermediary his agent, if he pays the agent's commission for negotiating the loan, or if he employs the intermediary for negotiating the loan, or if he employs the intermediary to examine the title to the property offered as security, or to discharge prior encumbrances thereon, these facts, taken collectively or in various lesser combinations, are generally held to justify an inference that the intermediary is the agent of the borrower. So, also, if the lender has given the agent no authority to receive payment for him, and the borrower pays such agent, the debt is not satisfied until the money reaches the lender, for the intermediary is in such case acting as agent of the borrower to receive and transmit the payment."

In *Massey-Harris Harvester Co. v. First State Bank*, 122 Kan. 483, 252 Pac. 247, it was said in the opinion:

"When the plaintiff by its representative, having the opportunity to receive in cash the proceeds of the note, chose instead to accept a cashier's check—doubtless for convenience in transmission—it voluntarily placed itself in the attitude of an ordinary depositor. The situation is substantially the same as though the money had been paid over the counter and the plaintiff had then used it to purchase the cashier's check."

We think the facts did not warrant the granting of a preference to the plaintiff over general creditors of the bank.

The judgment is affirmed.