Marion Mauck, *Appellant,* v. J. H. Therrell, as Liquidator of Bank of Bay Biscayne, Appellee.

146 So. 562.

147 So. 690.

Opinion filed March 2, 1933.

Re-hearing denied May 1, 1933.

*Walsh, Beckham & Ellis,* for Appellant;

*John·J. Lindsey* and *W. Robert Smith,* for Appellee.

DAVIS, C. J.—In this case there is a substantial basis in the facts disclosed by the record for the finding of the Chancellor below that appellant, a customer of the defunct Bank of Bay Biscayne, elected to accept in *settlement* of a collection accomplished by the bank for him, part currency and part in cashier's checks of denominations designated by the customer, and that by reason of such circumstances, appellant was not entitled to a preference in the payment of the unpaid cashier's checks that remained undischarged at the time the bank was closed for insolvency, no fraud in the transaction having been either alleged or proved with respect to the bank official's conduct in regard to the matter.

The decree appealed from must therefore be affirmed on the authority of Amos v. Baird, 96 Fla. 181, 117 Sou. Rep. 789. See also Massey-Harris Harvester Co. v. First State Bank of Cunningham, 122 Kan. 483, 252 Pac. Rep. 247. In passing it is appropriate to say that we do not regard this case as falling within what has held in Bryan v. Coconut Grove Bank & Tr. Co., 101 Fla. 947, 132 Sou. Rep. 481, or City of Miami v. First National Bank of St. Petersburg, 58 Fed. Rep. (2nd) 561.

Affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., and CAMPBELL, Circuit Judge, concur.

BROWN, J., disqualified.

### On Petition for Re-hearing.

PER CURIAM.—The decree affirmed by this Court on March 2, 1933, was a final decree dismissing the bill. The bill sought to have complainant's claim against the defendant bank adjudicated as being a preferred claim, which claim

of preference the Court below and this Court denied. The alleged right of set off, as between complainant and the liquidator, if any such there be, on the basis of the now adjudicated status of the parties to each other, as that status has been fixed by this appeal, has not been passed on. Nor should the affirmance of the final decree herein be regarded as having any controlling effect on the decision of that question, inasmuch as its determination would have to be made on the relationship of the parties as they now stand adjudicated.

Re-hearing denied.

DAVIS, C. J., WHITFIELD, ELLIS, TERRELL and BUFORD, J. J., concur.

BROWN, J., disqualified.