REICHERT *v.* STATE BANK OF BEAVERTON.

APPEAL OF FINCH.

BANKS AND BANKING—BANK COLLECTION CODE—COLLECTIONS ON LAND CONTRACT—PREFERRED CLAIM.
  Under bank collection code (Act No. 240, Pub. Acts 1931, § 13, subd. 3), money collected by bank on land contract left with it by customer for collection and not paid over at time bank went into hands of receiver was properly disallowed as preferred claim against general assets of bank; purpose of act being to take care of checks and negotiable instruments in course of collection.

Appeal from Gladwin; Smith (Guy E.), J.  Submitted January 19, 1933.  (Docket No. 93, Calendar No. 36,859.)  Decided March 2, 1933.

Receivership proceedings by Rudolph E. Reichert, State banking commissioner, against State Bank of Beaverton.  On petition of Vern Finch for allowance of an item as a preferred claim against the cash assets.  Petition denied.  Petitioner appeals.  Affirmed.

*Neithercut & Neithercut,* for appellant.

Butzel, J.   Vern Finch, petitioner herein, deposited a land contract with the State Bank of Beaverton.   The bank was to collect payments thereon and remit them to petitioner.   On October 3, 1931, the bank collected $50, and on November 3, 1931, a like amount.   On November 4, 1931, the bank sent petitioner a draft on a Bay City bank for $49.75, covering its first collection, minus fee.   It also gave petitioner a cashier's check for $49.75 after the bank had been closed by the banking commissioner.

Neither the draft nor the cashier's check were paid, owing to the failure of the bank, and petitioner filed a petition in the pending case of *Reichert* v. *State Bank of Beaverton,* a Michigan banking corporation, and asked that the sum of $99.50 be allowed as a preferred claim against all the assets of the bank.   The trial judge allowed such claim as a preferred claim against the cash assets of the bank as they existed at the date the receiver took possession, but not as against the other assets of the bank. Petitioner claims that he should have been allowed a preferred claim against all of the assets.   It appears very doubtful whether there will be any cash assets, as of the date of the receivership, from which petitioner's claim can be paid.

Petitioner bases his claim entirely upon subparagraph (3) of § 13 of Act No. 240, Pub. Acts 1931. The trial judge filed no written opinion, and the attorney for the appellee has filed no brief.   Act No. 240 is an act to expedite and simplify the collection and payment by banks of checks and other instruments for the payment of money.   The title to the act, as well as its provisions, plainly indicate that it was enacted solely for the purpose of taking care of checks and negotiable instruments in transit

and in course of collection. We do not believe that it covers collections on a land contract. The act deals solely with banking paper, such as drafts, checks, and notes. The question arose in *Reichert v. Fidelity Bank & Trust Co.,* 261 Mich. 107, in which, on page 112, Act No. 240, *supra,* was referred to as the "bank collection code." The court held that it applied to funds coming into the actual possession of an insolvent bank by reason of its having acted incident to the collection or forwarding of commercial paper. We believe that the act permits of no other construction.

In *Reichert v. Fidelity Bank & Trust Co., supra,* we also stated as a general proposition that preferences and priorities should be avoided, except where distinctly provided for by law or by agreements and circumstances under which the insolvent received the particular funds. In the cited case, preference was denied as to funds that had been deposited for the sole purpose of meeting maturing mortgage bond and coupon payments when they became due. We believe that the land contract in the instant case occupies no more equitable position.

There may be some question as to whether appellant was entitled to a preference of any kind, inasmuch as the cash assets are less than the total of preferred claims, according to the record. However, as no objection has been made by appellee to the order permitting the preference out of cash assets, possibly due to the absence of any tangible sum, we need not further comment upon the question.

The order of the lower court denying preference as to the general assets is affirmed, without costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.