REICHERT *v.* AMERICAN STATE SAVINGS BANK.

APPEAL OF W. T. GRANT CO.

1. TRUSTS—BANKS AND BANKING—IMPLIED TRUST—EXPRESS TRUST.
   Where money was deposited with bank under contract that all above certain amount should be transmitted to certain bank in another city daily, and no express trust was created none could be implied unless understanding was that said money was not to be mingled with and become part of bank's assets.

2. BANKS AND BANKING—TRUSTS—PRESUMPTIONS.
   Where contract under which money was deposited with bank for remittance to another city was silent as to manner of remittance, it may be presumed that parties contemplated remittance in usual way by draft rather than that identical money should be transmitted.

3. TRUSTS—BANKS AND BANKING—DEPOSIT FOR SPECIFIC PURPOSE.
   That money was deposited with bank for transmittance to another city did not make it trust fund, in absence of understanding that it should be set apart for particular purpose and not mingled with other money of bank.

Appeal from Ingham; Carr (Leland W.), J. Submitted June 22, 1933. (Docket No. 121, Calendar No. 36,995.) Decided August 29, 1933.

Receivership proceedings by Rudolph E. Reichert, State banking commissioner, against American State Savings Bank. On petition of W. T. Grant Company, intervener, to declare a preference as to certain funds. From order denying petition, intervener appeals. Affirmed.

*Carl H. Reynolds,* for appellant.

*Kelley, Sessions, Warner & Eger,* for receiver.

McDONALD, C. J. The American State Savings Bank of Lansing, Michigan, is in receivership. W. T. Grant Company intervened for the purpose of having certain money which it had intrusted to the bank for a specific purpose declared to be in the nature of a trust fund and as such entitled to preference. The circuit judge denied preference and allowed the claim in the sum of $8,152.20 as to a common creditor. The intervener has appealed, and thereby seeks to have the order modified to the extent that $4,902.20 of the funds shall be declared to be a preferred claim.

From the agreed statement of facts it appears that the W. T. Grant Company operates a chain of stores, one of which is located in Lansing, Michigan. It did its banking business with the American State Savings Bank. On December 17, 1930, it addressed the following letter to the bank:

"December 17, 1930.

"Mr. CHARLES E. TOMS,
    "Vice-President,
"American State Savings Bank,
"Lansing, Michigan.

"*Dear Mr. Toms:*

"For some time past we have been working on a plan for the refinement of our present system of handling the transfers from our store depositories.

"It has been our desire to effect a more efficient arrangement for the company, and at the same time provide our banks with a non-fluctuating balance, sufficient in amount to compensate the bank for their services to our stores. We believe the plan we have worked out will accomplish this purpose.

"Our new arrangements were inaugurated on December 8, 1930. Will you therefore be good enough effective immediately to remit at the close of business each day to the National Bank of the

Republic of Chicago, Illinois, in Chicago exchange, all sums in our account with you in excess of $3,250, for our credit and advice.

"Our store at Lansing has opened so recently that neither you nor we know in detail the banking service to be rendered. After this plan has been in operation for a reasonable period, we should be glad to review the situation and make any adjustments that may appear to be necessary at that time.

"Thank you for your past co-operation, and we look forward to your acknowledgment of these revised instructions.

"Very truly yours,
(Signed) "John G. Byler, Treasurer."

In pursuance of the arrangement suggested in this letter, which was accepted by the bank, the company made daily deposits, and all amounts in excess of $3,250 the bank transmitted to the National Bank of the Republic by drafts upon funds which it had on deposit in its correspondent bank in Chicago, the Central Republic Bank & Trust Company. Deposits and remittances were made in this manner until December 21, 1931. On December 22, 1931, the American State Savings Bank went into the hands of a receiver under an order of the circuit court of Ingham county. The receiver immediately wired all correspondent banks and stopped payments on drafts. At this time the W. T. Grant Company had on deposit with the American State Savings Bank $4,902.20 for transmission to its account with the National Bank of the Republic of Chicago. It also had on deposit the $3,250 open account. It is claimed by the company that all in excess of this $3,250 was intrusted to the American State Savings Bank for the specific purpose of transmission, and, therefore, is a trust fund. The question is whether the parties intended a trust to be created. There was no express trust, and none can be implied

unless the understanding was that the money deposited for a specific purpose was not to be mingled with and become a part of the bank's assets. It is reasonable to assume it was not in the minds of the parties that the money deposited should be physically transmitted to the National Bank of the Republic of Chicago. The contract is silent as to the manner of remittance. So it may be presumed that the parties contemplated it should be transmitted in the usual and customary way by draft on the correspondent bank. There are no facts or circumstances to indicate that the money was intended to be set aside as a trust fund, or that the identical money deposited was to be transmitted to the Chicago bank. It is a proper presumption that the W. T. Grant Company knew the specific deposit would be mingled with other funds of the bank and that remittance would be made in the customary way by draft. We think the facts are not consistent with the existence of a trust but show the relationship of debtor and creditor. The fact that the money deposited was to be used for a specific purpose does not make it a trust fund. It becomes a trust fund only if deposited with the understanding that it should be set apart for a particular purpose and not mingled with other money of the bank. *Great Atlantic & Pacific Tea Co.* v. *Citizens' National Bank,* 2 Fed. Supp. 29.

In the instant case, we think it was in the minds of the parties that the money was to be transmitted to the Chicago bank in the customary way, which is by draft, and that it was not intended to create a trust.

The judgment of the circuit court is affirmed, with costs.

CLARK, POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.