REICHERT *v.* ARCADIA STATE SAVINGS BANK.

APPEAL OF LOWER PENINSULA POWER COMPANY.

1. BANKS AND BANKING—BANK COLLECTION CODE—COLLECTIONS—PREFERENCES.

> Act No. 240, Pub. Acts 1931, § 13, subd. 3, providing that proceeds of an item in process of collection shall be impressed with trust in favor of owner and constitute a preferred claim against assets of bank in case of insolvency is limited by section 1 of said act to items such as a "check, note or other instrument providing for the payment of money" and does not apply to an "unconditional credit given" on bank's books for amount of collection made, such as power company's electric light and power bills.

2. SAME—COLLECTIONS—TRUSTS.

> Collections by bank of power company bills deposited in latter's checking account does not impress fund in hands of bank in receivership with trust in favor of power company under Act No. 240, Pub. Acts 1931, § 13, subd. 3.

3. SAME—COLLECTIONS—CHECKING ACCOUNT.

> Finding of court that relation of debtor and creditor only existed between bank and power company where items collected from customers of latter were deposited to its checking account, duplicate ledger sheets were forwarded to home office and checks drawn against account from time to time, is affirmed.

Appeal from Manistee; Cutler (Hal L.), J. Submitted October 13, 1933. (Docket No. 7, Calendar No. 37,259.) Decided December 5, 1933.

Receivership proceedings by Rudolph E. Reichert, State banking commissioner, against Arcadia State Savings Bank. On petition of Lower Peninsula Power Company for allowance of an item as a preferred claim. Petition denied. Petitioner appeals. Affirmed.

*Campbell & Campbell,* for appellant.

*Max E. Neal,* for receiver.

NORTH, J. The Arcadia State Savings Bank suspended its banking operations October 23, 1931. In the receivership which followed, the Lower Peninsula Power Company petitioned the circuit court that it be allowed a preferred claim in the sum of $430.79. The prayer of the petition was denied and the power company has appealed.

The home office of appellant is in Frankfort, Michigan. It furnished electric current and power to residents of the village of Arcadia. In 1920 it entered into an arrangement with the Arcadia State Savings Bank whereby the monthly bills of customers of petitioner were paid to the bank. For its service the bank received two per cent. on the amount collected. The manner in which the business was handled is disclosed by the following testimony given by the cashier of the bank:

"*Q.* Now, when you say these collections which you received were placed in a box and kept separate to about the 10th or 15th of the month, you mean a box that you had for that use?

"*A.* Yes.

"*Q.* Then after the 10th or 15th of the month you took the money, which you had received from the customers that stepped into your bank to pay their bills, and deposited it into this checking account as shown by this ledger sheet, is that correct?

"*A.* Yes, sir.

"*Q.* Then they (Lower Peninsula Power Company) drew their checks against that account?

"*A.* Yes, sir.

"*The Court:* The reason you put this in a box was because you got it in small amounts and you didn't want to credit each amount, is that right?

"*The Witness:* Yes, sir. * * *

"*Q.* On the records of your bank you didn't treat this as any special account at all by any memorandum on your records? ·

"*A.* There is no record of it."

The account in which these collections were deposited was headed "Arcadia State Savings Bank, Arcadia, Michigan. Account of Lower Peninsula Power Company." Entry of the various items of the account was made upon loose leaf ledger sheets. From time to time duplicates of these entries were forwarded by the bank to the power company at Frankfort; and from time to time, once a month or oftener, the power company would draw its check against the account and in that way the balance would be remitted to petitioner at Frankfort. The balance in this account when the bank suspended, as shown by its. books, was $430.79.

Appellant asserts that the money in the hands of the bank is the result of collections intrusted to it and that therefore the fund is impressed with a trust in favor of the power company. Reliance is placed on Act No. 240, Pub. Acts 1931, § 13, subd. 3, which provides that proceeds of an item or items in process of collection shall be impressed with a trust in favor of the owner of such item or items and shall constitute a preferred claim against the assets of the bank making the collection in case it becomes insolvent. However, it is pointed out by appellee that section 1 of this act limits the term "item" as meaning "any check, note, or other instrument providing for the payment of money;" and that, therefore, appellant's electric light and power bills do not fall within the statutory provision. We seem to have so held. See *Reichert* v. *State Bank of Beaverton*, 262 Mich. 157. It should also be noted

that the portion of the act on which appellant relies expressly provides that the preference does not arise in a case wherein "an unconditional credit [is] given on" the bank's books for the amount of the collection made. In the instant case credit was so given and by reason of appellant having drawn checks upon this account for years, it must be held that its funds in the hands of the insolvent bank were being treated as an ordinary bank deposit; and when the bank failed the relation between it and appellant was only that of debtor and creditor. The circuit judge was right in so holding. The case is controlled by *Reichert* v. *State Bank of Beaverton, supra;* and *Reichert* v. *American State Savings Bank,* 264 Mich. 366.

Decision in the circuit court is affirmed, with costs to appellee.

McDONALD, C. J., and WEADOCK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.