### BROWN v. FORS.

Banks and Banking—Bank Collection Code—Land Contract Collections—Preferences.

> Bank collection code (Act No. 240, Pub. Acts 1931, § 13) is designed to expedite and simplify collection of checks and negotiable instruments and, therefore, money collected on land contract by bank, as agent of vendor, and not turned over at time bank went into hands of receiver was properly disallowed as preferred claim against general assets of bank.

Appeal from Ingham; Carr (Leland W.), J. Submitted January 17, 1934. (Docket No. 127, Calendar No. 37,012.) Decided March 6, 1934.

Receivership proceedings by Rudolph E. Reichert, State banking commissioner, against American State Bank. On petition of Horatio H. Brown, intervener, to require Carl H. Fors, receiver, to allow a preference as to certain funds. From order denying petition, intervener appeals. Affirmed.

*Whiting, Kleinstiver & Aubrey,* for appellant.

*Kelley, Sessions, Warner & Eger,* for receiver.

POTTER, J.  Plaintiff sold real estate in Lansing, Michigan, to Carl F. Blankenburg and wife.  There was an outstanding mortgage on the property of approximately $2,000.  Arrangements were made with the bank whereby Blankenburg and wife were to make their payments on the contract to the bank which was to apply them on the mortgage until it was satisfied.  The mortgage was fully paid off.  The bank continued to collect the amounts due upon the contract.  September 29, 1930, plaintiff wrote the bank:

"I have taken it for granted that Mr. Carl F. Blankenburg has continued to pay you and that you have acted as my agent, in this matter.  You stated in your last letter that I had a balance of $122.14 in a checking account, and would you kindly forward me draft or check for the balance of my account with you."

On December 12, 1931, plaintiff wrote the bank:

"Will you kindly forward to me a check covering the amount that you have collected for me on the Carl F. Blankenburg contract?"

December 19, 1931, the bank sent plaintiff a draft for the amount due and not remitted, $340.46, drawn on the Peoples Wayne County Bank of Detroit.  This draft was not paid because of the closing of the American State Savings Bank and the appointment of a receiver.  There were assets on hand sufficient to pay plaintiff if he is entitled to preference.  He claims he is entitled to a preferred claim against the assets of the bank.  The trial court held otherwise.  Plaintiff appeals, relying upon the language of Act No. 240, Pub. Acts 1931, § 13.

This statute has been frequently before the court. *Reichert* v. *Fidelity Bank & Trust Co.,* 261 Mich. 107; *Reichert* v. *State Bank of Beaverton,* 262 Mich. 157; *Reichert* v. *American State Savings Bank,* 264 Mich. 366; *Reichert* v. *Arcadia State Savings Bank,* 265 Mich. 31.

In *Reichert* v. *State Bank of Beaverton, supra,* it is said:

"Act No. 240 is an act to expedite and simplify the collection and payment by banks of checks and other instruments for the payment of money. The title to the act, as well as its provisions, plainly indicate that it was enacted solely for the purpose of taking care of checks and negotiable instruments in transit and in course of collection. We do not believe that it covers collections on a land contract. This act deals solely with banking paper, such as drafts, checks, and notes."

We think the rule of that case governs this. Judgment affirmed, with costs.

Nelson Sharpe, C. J., and North, Fead, Wiest, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.