Welge v. Batty.

William Welge et al.

v.

John D. Batty et al.

Payment—Check—Funds in bank.—Where a vendor drew at sight for the amount of his bill upon the vendee, and the draft was indorsed for collection to the vendee's bankers, who received the same, and by direction of the vendee charged up the amount to his account, the vendee at the time having funds in the bank sufficient to pay it, the banker then drawing his check for the amount, payable to the vendor, which is transmitted to him, there is a payment of the original debt, notwithstanding the failure of the banker renders the latter check of no value.

Appeal from the Circuit Court of Montgomery county;

the Hon. J. J. PHILLIPS, Judge, presiding.   Opinion filed
October 24, 1882.

Mr. WILLIAM ABBOTT, for appellants; that where a pay-
ment has been properly applied upon a particular debt, the
debt is extinguished, cited Miller v. Montgomery, 31 Ill. 350.

Payment to a cashier is payment to the bank:   Ryan v.
Dunlop, 17 Ill. 40; Ralston v. Wood, 15 Ill. 159.

. A bank check is presumptively drawn on a previous deposit
of funds, and is an absolute appropriation of so much money
in the hands of the bank:   Stevens v. Park, 73 Ill. 387.

After a check has passed into the hands of a *bona fide*
holder, the drawer can not countermand the order for pay-
ment:   Union Nat. Bank v. Oceana Co. Bank, 80 Ill. 212;
Munn v. Burch, 25 Ill. 35; Brown v. Leckie, 43 Ill. 497;
Fourth Nat. Bank v. City Nat. Bank, 68 Ill. 398; Bickford
v. First Nat. Bank, 41 Ill. 238.

Payments made to an agent, if the agent is authorized to
receive payment, will bind the principal:   Noble v. Nugent,
89 Ill. 522; Yates v. Valentine, 71 Ill. 643; Shepard v. Cal-
houn, 72 Ill. 337.

Messrs. BROWN, KIRBY & RUSSELL, for appellees; that an
authority to an agent to receive payment does not au-
thorize him to receive anything but money, cited 1
Wait's Actions and Defenses, 283; Mudgett v. Day, 12 Cal.
139; Prathur v. State Bank, 3 Ind. 356; Todd v. Reid, 4
Barn. & Ald. 210;   Russell v. Burgley, 4 Barn. & Ald.
395; McCulloch v. McKee, 16 Pa. St. 289; Mangum v. Ball,
43 Miss. 288; Lawrence v. Johnson, 64 Ill. 351.

The rules governing bank checks apply to sight drafts:
Bickford v. First Nat. Bank, 42 Ill. 238; Rounds v. Smith,
42 Ill. 245; Brown v. Leckie, 43 Ill. 497; Harker v. Ander-
son, 21 Wend. 372; Johnson v. Weed, 9 Johns. 309.   .

° The draft was for so many dollars, and could not be satis-
fied with payment except in money: Hawes v. Austin, 35 Ill.
396; Lawrence v. Schmidt, 35 Ill. 440; Willitts v. Paine, 43
Ill. 432; Marc v. Kuffer, 34 Ill. 286; Kuffer v. Marc, 28 Ill.

388; Nolan v. Jackson, 16 Ill. 272; 2 Parsons on Contracts, 615; Edwards on Bills, 550.

An acceptance by a creditor is conditional upon the draft proving good: Huett v. Rhoades, 66 Ill. 351; Woods v. Mer. L. & T. Co. 41 Ill. 267; Stevens v. Park, 73 Ill. 387; Morrison v. Smith, 81 Ill. 221; Archibald v. Angell, 53 Ill. 307; Yates v. Valentine, 71 Ill. 643; Olcott v. Rathbone, 5 Wend. 491; Brown v. Leckie, 43 Ill. 498; Muldon v. Whitlock, 1 Wend. 290; Walsh v. Lemon, 98 Ill. 27; Townsend v. Bank of Racine, 7 Wis. 159; Westall v. Bradley, 10 Ohio St. 188.

Higbee, J. Appellees, a firm doing a milling business at Waverly, Illinois, on December 8, 1881, sold to appellants, a business firm at Hillsboro, in this State, two car loads of corn, to be shipped from the former to the latter place. On the 16th day of the same month, and after the corn had been shipped, appellees drew a sight draft on appellants for $600 in favor of W. W. Brown, cashier of a bank in Waverly, who indorsed the same to Haskell, Harris & Co., bankers at Hillsboro, for collection on account of the Waverly bank. At the same time appellees informed appellants, by letter, " We draw for $600 to-day; when you get the yellow corn weighed you can remit the balance." On December 24th the corn arrived, was weighed and found to amount to $629.56. Appellants kept their bank account in the bank of Haskell, Harris & Co., and on the day the corn was weighed, December 24th, the draft was presented by the bank for payment. Appellants had, at that time, deposited in said bank $819.53 to their credit, $120 of which was deposited that day. They directed the officers of the bank to pay the draft and charge it to their account, which they agreed to do, and did charge $600.50 to their account on the books of the bank, and drew a draft on a bank in St. Louis in favor of the Waverly bank for the amount of the collection. The fifty cents was added for exchange. At the same time appellants purchased a draft for the $29.56 and sent it to appellees and this amount was subsequently paid.

These facts, which are not controverted, we think show such a payment of the draft as to discharge appellants from further

liability for the corn purchase. The draft had been assigned to the bank for collection and it had the undoubted right to demand and receive payment. It held on deposit more than money enough to pay the draft, and when it demanded payment, by direction of appellants, $600 of their money was appropriated to that purpose and charged up to their account. The law did not require the useless act of first counting the money out of the bank to appellants and then paying it back by them. The draft was in the possession of the officers of the bank, who, as assignees, had a legal right to receive the money which was also in their custody; and when by direction of appellants, it was appropriated to that purpose and charged up to their account, the control of the bank over the money was complete and all right of appellants to it ceased, and from that instant the indebtedness of appellants was extinguished. The fact that the bank failed two days afterward and that the draft drawn by it to the Waverly bank on account of the collection was dishonored, can not render appellants liable to appellees. They had made payment to the assignee of the draft who was by law authorized to receive the money, and then their liability ceased. The remark of Blockenberger, one of appellants, at the time of the sale, when asked for security, that they had none to give, but that appellees could draw on his firm through the banking house of Haskell, Harris & Co. and the money would be there to meet the draft, did not constitute the bank their agent to pay the money or render them liable for its solvency. The failure of the bank after the collection was made, must fall on the owner of the draft who had indorsed it to the bank for collection, and not upon appellants, who had discharged their debt by payment to the party authorized by law to receive the same.

Judgment reversed and cause remanded.