George Messenger, Superintendent of Banking, Plaintiff, v. Carroll Trust & Savings Bank et al., Defendants.

Moline Plow Company, Appellee, v. J. A. Dougherty, Receiver, Appellant.

**BANKS AND BANKING:** Insolvency—Preferred Claim. The holder of 1 a bill of lading who forwards the same, with draft attached, to a bank, with explicit orders to collect the draft, release the bill of lading, and remit the proceeds of the collection to the said holder, is entitled to have the amount of the remittance established as a preferred claim against the assets of the collecting bank, in case said bank becomes insolvent before the draft covering the remittance can be collected, it being made to appear that cash in an amount in excess of said remittance was in possession of the bank on and after the collection, and that the same passed into the hands of the receiver.

**BANKS AND BANKING:** Cash Transferred by Bookkeeping. The act 2 of the drawee of a draft in delivering to the collecting bank his check on the collecting bank for the amount of the draft, and the act of the collecting bank in charging its customer's ample account with the amount of the check, work the same result as though the drawee had first drawn from his bank in cash the amount of the draft, and immediately returned the same to the bank in payment of the draft.

*Appeal from Carroll District Court.*—E. G. Albert, Judge.

April 4, 1922.

The Carroll Trust & Savings Bank at Carroll went into the hands of a receiver as an insolvent on April 25, 1919. Thereafter, the Moline Plow Company presented a preferred claim, and asked that it be established as such. The receiver admitted

the liability as for a debt, but denied the claimant's right of preference. The cause was tried upon a stipulation of facts, and an order entered, establishing the preferred claim. The receiver appeals.—*Affirmed.*

*McCrary & Urbany* and *Salinger, Reynolds, Myers & Cooney,* for appellant.

*Lee & Robb,* for appellee.

EVANS, J.—I. The Moline Plow Company is a manufacturing concern, resident in Illinois. Prior to April 3, 1919, it was not a depositor or creditor of the defunct bank. On April

1. BANKS AND BANKING: insolvency: preferred claim.

3d, it drew its sight draft upon the Swaney Automobile Company, of Carroll, Iowa, and sent the same, with a bill of lading attached, to the Carroll Trust & Savings Bank, with directions to collect and remit. The amount was for $1,411.98. The letter transmitting the sight draft contained the following:

"Please surrender bill of lading only upon payment of the draft and of exchange and collection charges and remit the full amount of the draft to us."

The draft was duly presented and collected. The proceeds of the collection were remitted on April 23d by Chicago exchange upon the Continental & Commercial National Bank. Before the draft upon the Chicago bank had been paid, the Carroll Trust & Savings Bank was closed. It was not open after the close of business on April 24th.

It is the contention for the Moline Plow Company that the relation created between it and the bank was strictly that of principal and agent; whereas the receiver contends that the transaction had created the relation of creditor and debtor only. The bank complied strictly with the directions of the claimant. It did not purport to open any account with the claimant, nor to deposit the proceeds to the credit of the claimant. It simply put such proceeds in the form of its own draft upon the Chicago bank, for the purpose of remittance. The case at this point is ruled squarely by *Brown v. Sheldon State Bank,* 139 Iowa 83, and by our previous cases cited therein. The question is

fully discussed in the *Brown* case, and nothing can be gained by a repetition of the discussion here. 'Following such case, it must be held that the proceeds of the sight draft came into the hands of the bank as agent for the Moline Plow Company, and that the title thereto was at all times in the principal, and not in the agent.

II. It was also made to appear by the stipulation that at all times on and after the date of the collection of the sight draft, and up to and including the date of the suspension of the bank, and the appointment of the receiver, the bank had not less than $15,000 of cash, and that not less than $10,000 thereof passed into the actual possession of the receiver. This was a sufficient tracing of the funds into the hands of the receiver, under our holding in the *Brown* case and in prior cases cited therein.

It is contended also on behalf of appellant that, because of the method adopted in the collection of the sight draft, the proceeds of such collection never had any distinct identity, and that for that reason they could not be traced either into the bank or into the hands of the receiver. The method of collection was that the Swaney Company drew its check upon its own account in the collecting bank for the payment of the sight draft. It had an account of $4,500, against which it drew. Its check was charged against this account, and the amount thereof was put by the collecting bank into the form of Chicago exchange, for the purpose of remittance. That this method of collection was the full equivalent of the payment of money by the Swaney Company, and served to the augmentation of the assets of the bank in precisely the same manner as the delivery of currency would have done, is held in the following authorities: *British & Am. Mtg. Co. v. Tibballs,* 63 Iowa 468; *Page County v. Rose,* 130 Iowa 296; *Kansas State Bank v. First State Bank,* 62 Kan. 788 (64 Pac. 634); *State Nat. Bank v. First Nat. Bank,* 124 Ark. 531 (187 S. W. 673); *National Life Ins. Co. v. Mather,* 118 Ill. App. 491; *Arnot v. Bingham,* 55 Hun (N. Y.) 553; *People v. Merchants' Bank,* 92 Hun (N. Y.) 159; *Cunningham v. State,* 115 Ark. 392 (171 S. W. 885); *Skarda v. State,* 118 Ark. 176 (175 S. W.

2. BANKS AND BANKING: cash transferred by bookkeeping.

1190); *People v. City Bank of Rochester*, 96 N. Y. 32; *Capital Nat. Bank v. Coldwater Nat. Bank*, 49 Neb. 786 (59 Am. St. 572).

We deem it·clear that the net result of the transaction of payment by the Swaney Company and the receipt thereof by the collecting bank was the same as though the Swaney Company had drawn the currency into its own hands by means of check, and had thereupon delivered the same to the collecting bank in payment of the sight draft. Such is the holding of the cited cases.

There is some suggestion in the argument that the trial court allowed the preference to the exclusion of all other preferred claimants. We do not so construe the order. The claim is established as a preferred claim. Its status is no better than that of other preferred claims. Whether there be sufficient funds to pay them all in full, or whether they must still suffer a scaling down pro rata as between themselves, is a question not involved in this appeal, nor does the record contain any evi-- dence bearing on the question.

The order of the trial court is strictly in accord with our prior holdings, and it is, accordingly,—*Affirmed.* ·

STEVENS, C. J., ARTHUR and FAVILLE, JJ., concur.