ROBERT L. LEACH, State Superintendent of Banking, Appellant,
v. FARMERS & MERCHANTS SAVINGS BANK OF BOYER;
W. A. COBB, County Treasurer, Intervener, Appellees.

**BANKS AND BANKING:** Insolvency—Preference—Tax Collections.
The act of a county treasurer in sending tax receipts to a bank with the implied understanding that the bank would collect the amount thereof and then deliver the receipts, and the act of the bank in

so doing, create the relation of principal and agent and give the funds in the hands of the bank and the receiver thereof the character of a preferred claim, it appearing (1) that the treasurer had *no lawful authority* to make deposit of such funds in said bank, and (2) that the treasurer gave *no direction* as to the manner of remitting said fund to him.

Headnote 1:    7 C. J. pp. 589 (Anno.), 751.

Headnote 1:    5 L. R. A. (N.S.) 886; 16 L. R. A. (N.S.) 918; L. R. A. 1917A, 683; 3 R. C. L. 555 *et seq.*

*Appeal from Crawford District Court.*—M. E. HUTCHISON, Judge.

DECEMBER 14, 1926.

Application of a county treasurer for an order establishing a claim against a bank in the hands of a receiver as a preferred claim. An order was entered as prayed, and the receiver appeals. The facts appear in the opinion.—*Affirmed.*

*Ben J. Gibson*, Attorney-general, *Maxwell A. O'Brien*, Assistant Attorney-general, and *Shaw Van & Shaw Van*, for appellant.

*Albert B. Walter*, for appellee.

FAVILLE, J.—This cause is submitted upon a stipulation of facts. The claimant is the county treasurer of Sac County, Iowa. The defendant bank is located in Crawford County, Iowa. The said bank had not been designated by the board of supervisors of Sac County, Iowa, as a depository of funds belonging to said county, and no bond had been given by said bank to the county treasurer of Sac County, Iowa. The treasurer had no authority from the board of supervisors of Sac County, Iowa, to send tax receipts of said county to the defendant bank. Sometime in the month of February, 1924, the defendant bank wrote a letter to the claimant, as county treasurer, asking for a statement of the amount of taxes due to Sac County from certain persons. Upon receipt of said letter, the county treasurer forwarded to the defendant bank a statement of the amount of taxes due from the persons named, together with the tax receipts. Upon

receipt of the tax receipts from the county treasurer, the defendant bank forwarded to the said county treasurer a cashier's check on said bank, payable at par through the Federal Reserve Bank of Chicago, for the amount of said taxes. The defendant bank charged, upon its books, the individual accounts of the taxpayers owing said taxes with the respective amounts due from them, or collected the amount thereof in cash. The cashier's check was deposited by the claimant in a local bank at Sac City shortly after he received it; and before the same reached the defendant bank in due course, the latter had been closed, and said check was dishonored.

Upon this state of facts, is the claimant entitled to a preferred claim against the assets of said bank in the hands of the receiver? The county treasurer had no authority to deposit county funds with the defendant bank, and had no such deposit. The letter of the county treasurer to the bank is not in the record, but it does appear that the county treasurer made out the tax receipts for the taxes due from the several parties listed by the defendant bank, and forwarded said executed tax receipts to the defendant bank. If he gave any specific instructions to the defendant bank, the same are not disclosed in the record. It is clear, however, that the bank had no authority to deliver the tax receipts to the taxpayers without payment of the amount due. We think that, under the facts shown as to the manner of dealing, the bank had implied authority to deliver the tax receipts to the taxpayers upon payment to it of the amount due. The claimant constituted the bank his agent, to deliver the tax receipts and receive payment of the amount of taxes represented thereby. No other reasonable construction can be placed upon the transaction. The bank collected the taxes due from the various taxpayers, and delivered to said taxpayers the several tax receipts. At that stage of the proceedings, it therefore had in its hands the funds which it had collected, and which it was its duty to deliver to the claimant. It had no authority from the claimant to deposit said funds in the bank. The claimant, as county treasurer, had no lawful right to deposit the same in said bank. The claimant and the bank are both chargeable with knowledge that the claimant could not lawfully so deposit said funds. There is no proof of any direction on the part of the county treasurer to the defendant bank as to what should be

done with the taxes when collected. What, then, was the legal status of the parties? The bank had collected the taxes due to the claimant, and was bound to account to the claimant therefor. The relationship was not one of debtor and creditor, but one of principal and agent, the agent having funds in its possession belonging to the principal. The agent had but one duty in the premises, and that was to deliver the funds, as collected, to its principal, the claimant. It endeavored to do so by the medium of sending its principal a cashier's check. This was not authorized by the principal. Had there been specific directions to remit by check, draft, or other instrumentality, we would have an entirely different question from the one presented by the situation before us. Here there were no such instructions. The claimant was entitled to the funds collected and held by the bank, upon demand therefor. This was not as a depositor, but as a principal from an agent. The bank, as such agent, attempted to send the funds so collected to its principal, the claimant, by the medium of a cashier's check. The means it adopted proved to be futile. The funds were never delivered to the principal. The agent still retained them, and they passed into the hands of the receiver. The claimant is entitled to them. The title to said funds has been at all times in the claimant. The bank was the custodian thereof, holding the same as agent for its principal. The case falls within the reasoning and the rule of *Messenger v. Carroll Tr. & Sav. Bank*, 193 Iowa 608. Following the rule of that case, we hold that the relation of principal and agent existed between the claimant and the bank; that the agent was authorized to collect the amount due for taxes, as represented by the tax receipts in its hands, and was authorized to deliver said tax receipts upon payment of the amount represented thereby; that there was no authorization or direction to remit to the claimant by check, draft, or in any other manner than by delivery of the funds collected; that the funds so collected remained in the hands of the agent, the defendant bank, and passed to the receiver. The claimant was, therefore, entitled to have his claim established as a preferred claim against the said funds.

As bearing somewhat upon the question herein discussed, see *Page County v. Rose*, 130 Iowa 296. It follows that the order of the district court must be, and the same is,—*Affirmed.*

All the justices concur.