L. A. ANDREW, State Superintendent of Banking, Appellee, v. STATE BANK OF DEXTER, Appellee; VALLEY NATIONAL BANK, Intervener, Appellant.

**BANKS AND BANKING:**   Liquidation—Trust Funds—Preference.   A
1    bank which, as agent, receives for collection a draft, with orders to collect in cash only, and to remit to the owner 'of the draft, and which accepts in payment of the draft the amply protected check of the drawee *upon itself*, must be deemed to have collected the draft in cash, even though it fails either (1) to cancel the said check or (2) to charge the account of the drawer of the check with the amount thereof.   It follows that the collection belongs to the principal, is impressed with a trust character, and, upon the insolvency of the bank, is entitled to preferential payment out of the appropriate cash balance passing to the receiver.

**BANKS AND BANKING:**   Liquidation—Trusts—Augmentation Theory.
2    The assets of an insolvent may be said to have been augmented by a trust fund whenever the trust owner is able to point out the trust property, either by actual proof or by legal presumption of fact.

Headnote 1:   7 C. J. pp. 625, 751.   Headnote 2:   7 C. J. p. 752.

Headnote 2:   3 R. C. L. 554.

*Appeal from Dallas District Court.*—W. G. VANDER PLOEG, Judge.

OCTOBER 25, 1927.

Action by the Valley National Bank, as intervener, against the receiver of the State Bank of Dexter, to obtain a preference

for the proceeds of a sight draft collected by said State Bank, as agent of the said claimant. From a judgment denying the relief and allowing the claim as only that of a general creditor the intervener appeals.—*Reversed and remanded.*

*Lehmann, Seevers & Hurlburt,* for intervener, appellant.

*John Fletcher,* Attorney-general, *Earl F. Wisdom,* Assistant Attorney-general, and *Allen T. Percy,* for appellee.

KINDIG, J.—This action is in equity, and the facts are stipulated to be: That, on the 24th day of January, 1924, the Valley National Bank, appellant, forwarded to the State Bank of Dexter

1. BANKS AND BANKING: liquidation: trust funds: preference.

a bill of lading for a carload of feed, shipped by rail to J. E. Hammond at that town. Accompanying and attached to said bill was a sight draft for $828, drawn on said Hammond. With these documents was a memorandum of instructions, which directed the Dexter bank to deliver said bill of lading only upon payment of said sight draft. Accordingly, on the 26th day of January, the said sight draft was presented, and, in honoring the same, Hammond delivered to the Dexter bank in payment a check drawn thereon for the correct amount. At this time (and during all the period material to this controversy), there were on deposit in said drawee bank, according to the books thereof, more than sufficient funds to care for said check. Upon receipt of the check, said Dexter bank marked the sight draft ''paid,'' and delivered it, with bill of lading, to Hammond, who, by virtue thereof, obtained possession of the shipment above named. Without marking the check canceled, or charging it on the books to the account of the drawer, the bank retained the same until said institution was closed by the state superintendent of banking, who, on February 28th, by appointment of court, became receiver therefor. When such officer took charge of said banking concern, there were on hand therein cash funds in excess of the amount of the check, and such quantity of cash, according to the assumption of the parties, was at all times in the bank from the moment of the execution and delivery of said check to and until the date last named.

Concession is made by appellee that said Dexter bank was the agent of appellant for the collection of said sight draft.

Because of the district court's error in refusing to allow preference, under the facts and circumstances above related, this appeal was taken.

Practically, the question for determination here is an application of the principle announced by this court in the case of *Messenger v. Carroll Tr. & Sav. Bank,* 193 Iowa 608. If the rule of that decision is controlling, appellant is entitled to a preference. In the *Messenger* case it is said:

"We deem it clear that the net result of the transaction of payment by the Swaney Company [the drawer of the check] and the receipt thereof by the collecting bank was the same as though the Swaney Company had drawn the currency into its own hands by means of check, and had thereupon delivered the same to the collecting bank in payment of the sight draft."

Do the facts that said check was uncanceled, not charged upon the books, or the proceeds thereof unremitted, furnish a distinction between this and the *Messenger* case? We think not.

Acceptance of the sight draft for collection under said agreement constituted the Dexter bank an agent for that purpose. The principal in said agency was appellant, which sent the draft. *Messenger v. Carroll Tr. & Sav. Bank,* supra; *Leach v. Battle Creek Sav. Bank,* 202 Iowa 875. Receipt of said check, and the proceeds it represents, did not constitute the agent the debtor of its principal (*Messenger v. Carroll Tr. & Sav. Bank,* and *Leach v. Battle Creek Sav. Bank,* supra), but rather, said funds remained in said agent's possession as the property of and in trust for the principal. *Messenger v. Carroll Tr. & Sav. Bank,* supra. See, also, *Spokane & Eastern Tr. Co. v. United States Steel Prod. Co.,* 290 Fed. 884; *Federal Reserve Bank v. Peters,* 139 Va. 45 (123 S. E. 379); *Goodyear Tire & Rubber Co. v. Hanover St. Bank,* 109 Kan. 772 (204 Pac. 992); *Bank of Poplar Bluff v. Millspaugh* (Mo. App.), 275 S. W. 579. This transaction, so far as the three parties were concerned, was complete when, under said contract of agency, the bill of lading was delivered to Hammond, and his check, drawn upon the agent bank, was accepted in payment of the amount due. Only the concern of two parties remained: that is to say, the necessity of the agent, as trustee, to transfer to appellant its property, the subject of the trust. *Harrison v. Legore,* 109 Iowa 618; *British & American Mtg. Co. v. Tibballs,* 63 Iowa 468; *Corporation Com-*

*mission v. Bank,* 137 N. C. 697 (50 S. E. 308) ; *Baldwin's Bank v. Smith,* 215 N. Y. 76 (109 N. E. 138) ; *Schafer v. Olson,* 24 N. D. 542 (139 N. W. 983) ; *Union St. Bank v. Peoples St. Bank,* 192 Wis. 28 (211 N. W. 931). Established doctrine that a check in the hands of a third person before acceptance by the drawee bank is not an assignment, the theory of failure of payment because there are no funds on deposit to require the drawee bank to honor the same, and the law of conditional payments, do not here apply; because, in the instant case, the check was drawn upon, delivered to, and accepted by the drawee bank, in which there were sufficient, valid, and permanent funds to enable and demand immediate payment. Duty and the law required that the order of the drawer be complied with. There was no discretion in the premises, for this mandate was absolute and unconditional. Admonition to receive nothing but cash, together with the acceptance of said check by the agent, under the circumstances here involved, constituted and is an assignment of said cash to the principal. *Northwest Lbr. Co. v. Scandinavian Am. Bank,* 130 Wash. 33 (225 Pac. 825).

Mechanical cancellation of the check, and the process of recording items on the books, were acts beyond the control of both the principal and Mr. Hammond. That was a matter of mere convenience to the agent, and could and did not affect the rights and equities of the parties or the merits of this controversy. Such record would be evidence to prove the ultimate facts : to wit, that said check was cashed, and the funds obtained thereby transferred to appellant. However, it cannot be substituted for them, nor require a holding that the facts do not exist because the particular evidence is lacking. *Northwest Lbr. Co. v. Scandinavian Am. Bank,* supra. As was said in *Bank of Poplar Bluff v. Millspaugh,* supra :

"To hold otherwise would place a premium upon the arbitrary conduct of a banker, and permit him, when his bank is limping to its grave, to make fish of one depositor and fowl of another."

Unjust enrichments are not favored in the law, and will furnish a basis for relief. Appellant did not agree or consent to be a general depositor, and cannot be compelled to be such against its will. Unless preference is here permitted, general depositors will be unjustly enriched by the appropriation of

appellant's money, which was never placed upon general deposit in or loaned to the agent bank.

Property on which preference is claimed was, through the transaction here involved, sufficiently traced into the hands of the receiver, for the reason that, when the doors of the bank closed, there was cash aggregating the amount claimed, which, in due time, passed to him; and it is presumed that the agent dissipated or used its own money, and retained that which it held in trust for its principal. *Messenger v. Carroll Tr. & Sav. Bank,* supra.

Assuming that augmentation is necessary to warrant the establishment of the preference claimed, it is not wanting. Had the agent delivered to its principal the trust item, the remaining

**2. BANKS AND BANKING: liquidation: trusts: augmentation theory.** amount for distribution to the depositors would have been, in such event, to that extent diminished. Adding, then, said last result to the proposed trust account, the aggregate must be a greater sum. Ownership of the property in question, as before suggested, was not in the agent bank, but in the principal; so when appellant's proceeds of said collection are united with the other assets of said insolvent, increase must result. *Northwest Lbr. Co. v. Scandinavian Am. Bank,* supra.

Section 9239 of the Code of 1924 and amendments, requiring priority of payment to depositors, do not apply. Said legislative enactments refer to the property of the bank, and not to that of others. Here, the bank never owned appellant's trust money.

*Messenger v. Carroll Tr. & Sav. Bank,* supra, controls, and appellant's claim for preference should have been granted. The district court erred in making denial thereof, and the cause is hereby reversed and remanded to said court, with direction to enter judgment allowing appellant's claim and establishing it as preferred, to the extent of the cash in the bank at the time of closing, subject to participation in such cash by other preferred claims, if any, which may be allowed by the court on the same basis as this preference.—*Reversed and remanded.*

EVANS, C. J., and FAVILLE, DE GRAFF, ALBERT, and WAGNER, JJ., concur.

STEVENS and MORLING, JJ., dissent.