L. A. ANDREW, State Superintendent of Banking, Plaintiff, v. HARTLEY STATE BANK, Defendant.

IN RE CLAIM OF FORT DODGE FLOUR & FEED COMPANY.

JUNE 26, 1928.

*H. G. Cartwright* and *C. H. E. Boardman*, for appellant.

*Diamond & Jory*, for L. A. Andrew, receiver, appellee.

Stevens, C. J.—This case was tried below and submitted in this court upon a stipulation of facts. On or about October 21, 1926, the appellant, Fort Dodge Flour & Feed Company, shipped  a quantity of Armour's Tankage to the Dow-Hale-Lerigo Company, of Moneta, Iowa. On the same day, it indorsed the bill of lading, and delivered the same, with a sight draft drawn on the consignee attached, to the Iowa Savings Bank of Fort Dodge, for collection, which bank forwarded the same to the Hartley State Bank, for collection. Upon receipt of the papers, the Hartley State Bank presented the same to the drawee named in the draft, and received a check for the amount due, on the First National Bank of Davenport. The letter of transmittal from the Iowa Savings Bank instructed the Hartley State Bank to remit the proceeds of the collection by Chicago or New York exchange. Instead of complying with these instructions, the Hartley State Bank forwarded a cashier's check to the Fort Dodge bank. Acceptance of this instrument was refused, and the same was returned to the sender. The stipulation further recites that the check given by the Dow-Hale-Lerigo Company to the Hartley State Bank was subsequently stamped "paid," and charged by the Davenport bank to its account. Nothing further appears in the record as to how or in what manner the check was handled by the Hartley State Bank. Whether it was entered upon the books thereof, or whether it was forwarded direct to the Davenport bank for payment, is not disclosed.

The claim for preferential payment is based upon the trust relationship between the forwarding bank and the collecting bank, as its agent. There is no controversy between counsel as

to the law at this point.· The court allowed the claim as that of a general creditor. ·

The sole contention of appellee is that it is not shown that the proceeds of the check ever went into the Hartley State Bank in augmentation of its assets or of the cash passing into the hands of the receiver upon the failure of the bank, which occurred shortly after the foregoing transactions were had. It is insisted by appellee that the payment of the check is not established by the mere fact that it bore a stamp to that effect. This contention apparently overlooks the further stipulated fact that the check was charged on the books of the drawee bank against the account of the drawer. In the absence of any evidence to the contrary, it would be presumed from these facts that the check was, in fact, paid. The holding in *Hanna v. McCrory,* 19 N. M, 183 (141 Pac. 996), cited and relied upon by appellee, is not in conflict with this conclusion. The conclusion of the trial court must have been that the check was paid; otherwise, the claim must have been disallowed.

But is payment of the check alone sufficient to show that the proceeds of such payment actually went into the Hartley State Bank? Unless this must be presumed from the facts stated, proof at this point is wanting.

We have held that a check drawn on a bank and against ample funds therein, in payment of a sight draft, is the equivalent of a payment in cash. *Messenger v. Carroll Tr. & Sav. Bank,*  193 Iowa 608; *Andrew v. State Bank of Dexter,* 204 Iowa 565. As already stated, the check in question was not drawn on the Hartley State Bank. To entitle a claimant to preferential payment, the burden is upon such claimant to show that the trust fund was actually received by, and passed into the possession of, the trustee, in such a way that the assets of the insolvent estate were augmented in the hands of the receiver. If it is shown, by the facts stated, or by presumption based thereon, that the proceeds of the check actually came into the possession of the Hartley State Bank, it must be deemed to have held it in trust for appellant; and if it passed into the hands of the receiver in augmentation of the assets of the insolvent bank, preferential payment should have been awarded. In the absence of any further showing of facts than is indicated by the fore-

going statement, may the court presume that the proceeds of the check were received by the Hartley State Bank, rather than that they may have been used in the payment of its debts, or that the check was not immediately converted by the bank for some undisclosed purpose? No doubt, many presumptions may and should be indulged as to the manner in which commercial transactions are carried on by and between banks. May we go so far, however, as to presume that the Hartley State Bank charged itself with the amount of the check; that it was forwarded to a correspondent bank and credit given therefor; or that it was forwarded directly to the First National Bank of Davenport and the proceeds remitted in due course and received by it? It seems to us that too much is left to be presumed. No burden was placed upon the receiver to prove the dissipation of the trust fund until it was shown that it was actually received by the trustee. Augmentation of the assets in the hands of the receiver must be established in some way by the claimant. The presumption permitted in appellant's favor that it in some way received the benefit of the proceeds of the check is not alone sufficient.

It is our conclusion that appellant did not make out a case for preferential payment, and the order and judgment of the court below is affirmed.—*Affirmed*.

EVANS, FAVILLE, KINDIG, and WAGNER, JJ., concur.