L. A. ANDREW, State Superintendent of Banking, Appellee, v. HAMILTON COUNTY STATE BANK, OF WEBSTER CITY, Appellee; PAN-AMERICAN FEED COMPANY, Appellant.

JANUARY 23, 1929.

*Burnstedt & Hemingway*, for appellant.

*Martin & Alexander*, for appellee.

KINDIG, J.—On November 20, 1926, the Pan-American Feed Company, of Kansas City, Missouri, appellant, drew a sight draft on Boyd G. Weidlein, of Webster City, Iowa, in favor of the Commerce Trust Company, of Kansas City, Missouri, for the sum of $970. Attached thereto was a bill of lading for a carload of tankage and poultry feed on that day shipped to the drawee. Those documents were forwarded by the appellant to the said Hamilton County State Bank, with directions to collect the draft and remit the proceeds thereof to the Commerce Trust Company, before named. When payment was made by Weidlein, he was to receive the shipping contract. Thereafter, on November 26th, the Hamilton County State Bank delivered the bill of lading to the consignee, Boyd Weidlein, and permitted him to receive the carload of "tankage and poultry feed." Upon that occasion, Boyd Weidlein paid cash to the Hamilton County State Bank, and gave it checks drawn upon other banks, in the aggregate sum of $970. These checks were cleared. Nothing was said concerning how remittance was to be made to appellant. However, a draft was drawn on the Continental &

Commercial National Bank, of Chicago, Illinois, payable to the Commerce Trust Company, aforesaid, in the sum of $969, for the purpose of remitting the proceeds collected. One dollar was retained as a commission. Such negotiable instrument was received by the Commerce Trust Company November 30th, and by it forwarded to the Chicago institution for payment. But before that written order reached the Chicago concern, the Hamilton County State Bank closed its doors, and the Chicago drawee refused to honor the draft. In due time, the state superintendent of banking was appointed receiver for the Hamilton County State Bank. Whereupon, appellant filed its claim for a preference, on the theory that the Hamilton County State Bank became its agent to make the collection, and the proceeds thus received remained in its possession burdened with such trust. Appellee, on the other hand, contends that the preference was properly denied by the trial court because appellant did not trace its funds into the hands of the receiver.

I. That the transaction above described constituted the Hamilton County State Bank the agent of appellant has been firmly established in this state. *Leach v. Farmers Tr. & Sav. Bank,* 204 Iowa 1343; *Andrew v. State Bank of Dexter,* 204 Iowa 565; *Messenger v: Carroll Tr. & Sav. Bank,* 193 Iowa 608.

II. Nevertheless, in order for appellant to recover, it must establish more than an agency. It is necessary, in addition thereto, that there be traced into the hands of the receiver the agency trust property belonging to appellant. Demand, in effect, is made by it for the return of its own property. *Andrew v. Hartley State Bank,* 207 Iowa 407; *Messenger v. Carroll Tr. & Sav. Bank,* supra; *Andrew v. State Bank of Dexter,* supra; *Andrew v. State Bank of New Hampton,* 205 Iowa 1064.

III. This burden may be met by evidence of identification; or advantage, in some instances, may be taken of the presumption that the agent would not convert his principal's property, but would hold it intact. We said, in *Andrew v. State Bank of New Hampton,* supra:

"Such process of 'tracing' may be by the introduction of evidence that will tend to identify the property from the time it leaves the truster, or like person, until it appears through the

trustee into the hands of the receiver, or other similar officer; or the same result may be accomplished by the aid and assistance of presumption, when the facts and circumstances so warrant.''

If the property here sought to be impressed with the trust has been traced. (either by evidence or presumption) to the possession of the trustee, Hamilton County State Bank, and the receiver, the burden is then upon the latter to show that such proceeds did not result in augmentation of the estate. *Andrew v. State Bank of New Hampton*, supra.

IV. The question then is, Has there been such tracing or identification? We think not. While it is true that there was more cash on hand when the bank closed than the amount claimed by appellant, yet it is not shown that any of it belonged to appellant. And, under the circumstances here involved, no aid can be obtained from the presumption just discussed. Boyd Weidlein, the drawee of the sight draft, paid by cash and checks on various institutions. There is no showing as to how much was cash. For all that appears, it may have been but a single dollar. Moreover, there is no record to sustain the fact that any amount obtained through the checks in question ever came into the possession of the Hamilton County State Bank. B. F. Paine, the vice president of the agent, testified that he collected $970 from Weidlein, but he afterwards tells how, in fact, this was done. He said, on cross-examination:

''Mr. Weidlein paid the sight draft with checks and currency,—different farmers' checks, as I remember, on different banks. They were out of town items. They would be sent out the day we received them. All the checks cleared. They were all local, practically; I know they were all farmers' checks right around Webster City.''

These checks cleared, it is true; but what became of the amount represented thereby is not certain. An assumption that these instruments were used to balance accounts in the other institutions upon which they were drawn, or pay some different obligation, is just as plausible, according to the record, as the inference that cash was obtained thereby, and then returned to the agent bank. *Andrew v. Hartley State Bank*, supra, aptly concludes:

"We have held that a check drawn on a bank and against ample funds therein, in payment of a sight draft, is the equivalent of a payment in cash. *Messenger v. Carroll Tr. & Sav. Bank*, 193 Iowa 608; *Andrew v. State Bank of Dexter*, 204 Iowa 565. As already stated, the check in question was not drawn on the Hartley State Bank. * * * In the absence of any further showing of facts than is indicated by the foregoing statement, may the court presume that the proceeds of the check were received by the Hartley State Bank, rather than that they may have been used in the payment of its debts * * * [Our answer to that interrogatory was in the negative]."

Appellant, then, must fail because the funds were not "traced" or "identified," and augmentation of the trust estate does not appear in the case at bar. *Andrew v. Hartley State Bank*, supra; *Andrew v. State Bank of New Hampton*, supra.

Wherefore, the judgment and decree of the district court should be, and hereby is, affirmed.—*Affirmed.*

ALBERT, C. J., and EVANS, STEVENS, FAVILLE, DE GRAFF, MORLING, and WAGNER, JJ., concur.