L. A. ANDREW, State Superintendent of Banking, Plaintiff, v. WINNEBAGO COUNTY STATE BANK, FOREST CITY, Defendant.

JAMES B. ANDERSON, Administrator, et al., Appellees, v. L. A. ANDREW, Receiver, Appellant.

No. 39428.

JUNE 24, 1929.

*John Fletcher,* Attorney-general, and *Alan Loth,* for appellant.

*George E. Osmundson* and *Tom Boynton,* for appellees.

ALBERT, C. J.—The Winnebago County State Bank was a banking corporation organized under the laws of the state of Iowa. L. A. Andrew, superintendent of banking, was appointed receiver thereof in February, 1928. Four claims  were originally involved in this litigation, but the claims of Kassell and Clark were determined to be entitled to a preferred classification; and, as no question is raised in this appeal as to them, we give them no further attention, except on the question as to the extent of the fund to which said preference should be allowed.

In December, 1926, the said Winnebago County State Bank was appointed trustee in the matter of the trusteeship of Victor

Adams *et al.*, and as such trustee, it received into its hands the sum of $2,728.26, as the funds of the trust estate. On the closing of the bank, M. M. Thompson was appointed trustee, in place of the bank, and he files one of the claims in controversy here.

In December, 1919, the Winnebago County State Bank was appointed guardian of two minors by the name of Palmer, and at the time of the closing of said bank, as such guardian, it had on hand the sum of $524.79 belonging to said minors. On the closing of the bank, one Olson was appointed guardian of said minors, to succeed the bank, and he files a claim for the minors. The court allowed each of these claims in full, and classified each as a preferred claim. From these rulings by the district court, the receiver appeals.

It is conceded by the receiver that, as to both of these claims, a sufficient showing was made to warrant the court in the classification of them as preferred, except that he says the court erred in classifying them as such because, in each instance, an order was made by the court authorizing the trustee in one case and the guardian in the other to deposit these moneys with itself at interest; and on this phase of these questions, the sole issue is whether or not the court had the power to order this bank, in each instance, to deposit the money belonging to the respective estates with itself, at interest. In other words, if the order made by the court in each instance was a valid and binding order, then, of course, the moneys would be treated as an ordinary deposit, or possibly as a general claim against the estate.

The question is easy of solution because of certain statutory provisions. The statutes which authorize banks to act as executors, administrators, guardians, trustees, etc., also add the provision appearing as Section 9290, Code of 1924 (this statute has been in force since the Supplement to the Code, 1913, Section 1889-f), as follows:

"All property, real or personal, received in trust by any such corporation exercising the powers granted by this chapter, shall be kept separate from such funds or property which may be in the possession of such corporation, and shall not be liable for the debts or obligations of such corporation."

This, of course, is an absolute prohibition; and, as held in the case of *Leach v. Farmers Sav. Bank of Hamburg*, 205 Iowa

114, the other facts being properly shown, the court was warranted in making the orders made herein, allowing each of these as preferred claims. But the statute did provide a means by which such trustees could legally deposit funds, as such officers of the court.

Section 9285, Code of 1924 (which has been in existence since the Supplemental Supplement to the Code, 1915, Section 1889-d), reads as follows:

"Any court having appointed, and having jurisdiction of any receiver, executor, administrator, guardian, assignee, or other trustee, upon the application of such officer or trustee, after *such notice to the other parties in interest* as the court may direct, and after a hearing upon such application, may order such officer or trustee to deposit any moneys then in his hands, or which may come into his hands thereafter, and until the further order of said court, with any such trust company, state or savings bank, and upon deposit of such money, and its receipt and acceptance by such corporation, the said officer or trustee shall be discharged from further care or responsibility therefor."

It is sought in this case to avoid the decree of the court granting these two claims a preference, on the ground that the money in their hands in such official capacity was deposited with itself as a bank under order of the court.

We pass the question as to whether or not this statute contemplated that one of these officers could deposit money with itself, or whether or not this statute was only intended to allow it to deposit money in some other bank or trust company,—questions on which we do not express an opinion; but the defense made herein must fail because it does not show that the order made by the court was a legal one. So far as the record goes, each of them was wholly an ex-parte order. When an officer seeks to justify under an order of court, he has the burden of proving, not only that such order existed, but also that all of the prerequisites of the statute have been complied with; and in the instant case, he must show that a proper notice was properly served on the wards in the guardianship and on the *cestui que trust* in the trust estate.

The above quoted statute, Section 9285, specifically provides that such order can only be made on notice to the other parties in

interest. Because of failure to show that either of said orders was supported by a notice of hearing of the application of such orders, they are of no validity; and the defense made must, therefore, wholly fail. We conclude that the decree of the court granting to each of these claims a preference was properly made, under the record.

One other question demands our attention: The record shows that the cash in the vault at the time the bank closed was $12,220.56; that this bank had on deposit with other banks the sum of $6,255.89, making a total of $18,476.45.  The record shows that the $6,255.89 on deposit in these aforesaid banks was collected by the receiver. There was another claim with the National Bank of the Republic of Chicago, showing a deposit of $7,774.27; but that bank appropriated the same on an indebtedness owed by the Winnebago County State Bank, hence that amount did not come into the hands of the receiver.

In a number of past cases, we have had the question in what funds preferred creditors are entitled to participate, and different terms have been used, such as "cash assets" or "cash in the bank" or "cash in the vault," and in these respective cases, the holding has been that the money on hand in the bank at the time of the closing was the fund from which preferred claims should be allowed. That this court is committed to this doctrine, see *Leach v. Farmers Tr. & Sav. Bank of Dedham*, 204 Iowa 1343; *Leach v. Farmers Sav. Bank of Hamburg*, 204 Iowa 1083; *Leach v. Iowa State Sav. Bank of Sioux City*, 204 Iowa 497; *Andrew v. Hamilton County State Bank*, 207 Iowa 403; *Leach v. Stockport Sav. Bank*, 207 Iowa 478.

It follows, therefore, that the funds in the hands of this receiver are subject to the impressment of the trusts in the amount of $12,220.56, and that the amount on deposit in outside banks to the credit of the Winnebago County State Bank cannot be included in determining the funds against which the trusts arise.

It is to be noted here that the claimant here in no way attempts to trace its funds into the funds of the bank on deposit in outside banks. If it did so, a different question might arise. The lower court found this fund to be $26,650.72, and in this it erred. If there be money enough in this fund to pay all preferred claims, then, of course, they will be paid 100 per cent; but if there be not

sufficient funds to pay all such claims, then they shall each have a pro-rata share thereof.

The decree of the district court is modified as to the amount of funds in the hands of the receiver which may be used for the payment of preferred claims; otherwise, it is affirmed.—*Modified and affirmed.*

EVANS, STEVENS, DE GRAFF, MORLING, KINDIG, WAGNER, and GRIMM, JJ., concur.