# DE LAVAL SEPARATOR COMPANY v. OLAF HILDAHL.[1]

April 17, 1930.

No. 27,861.

*Roger J. Bell* and *Loring & Hougen*, for appellant.
*A. E. Hildahl*, for respondent.

WILSON, C. J.

Plaintiff appealed from an order denying its motion for a new trial.

Defendant was plaintiff's agent at Greenbush, Minnesota, operating under an agency sales contract wherein were printed these provisions:

"Unless otherwise specifically provided, all settlements shall be in cash, cash meaning Chicago exchange or its equivalent, or in other words funds payable at par in Chicago.

[1]Reported in 230 N. W. 467.

"Any credit or acknowledgment given the Agent for any check, bank draft or any other form of remittance shall be contingent upon the actual collection thereof by the Company."

On April 22, 1927, defendant filled out and sent to plaintiff a printed order blank furnished by plaintiff for five separators and one Universal Power Drive. Upon the face of the order he wrote: "Ship sight draft against bill of lading." On printed blank was a line on which to name bank when merchandise was to be so shipped, and defendant wrote in "Peoples State Bank, Greenbush, Minn."

Plaintiff accepted the order and complied therewith. Defendant took up the sight draft by giving the bank his personal check, he having the necessary funds therein. The check was presumably charged to his account. The bank drew its draft on the First National Bank of Minneapolis for the amount and mailed the same to plaintiff. Before the draft was cleared the local bank closed its doors, and plaintiff by this action seeks to recover from defendant.

The general rule is that where paper is sent to a bank for collection the bank is the agent of the holder or at least is not the agent of the debtor. Messenger v. Carroll T. & S. Bank, 193 Iowa, 608, 187 N. W. 545; Leach v. Battle Creek Sav. Bank, 202 Iowa, 875, 211 N. W. 527; Andrew v. State Bank, 204 Iowa, 565, 215 N. W. 742; Andrew v. Hamilton County State Bank, 207 Iowa, 403, 223 N. W. 176; Planters Merc. Co. v. Armour Packing Co. 109 Miss. 470, 69 So. 293; Parvin v. Midland Nat. Bank, 176 Minn. 538, 224 N. W. 147.

The very nature and purpose of a sight draft with bill of lading attached is hostile to the idea of those in possession thereof being the agent of the debtor. The presumption would be to the contrary. The bank's instructions in such a case, in the absence of express instructions, rests in the law defining its duties under the circumstances.

Concededly there was an agency. This implies trust and confidence. Defendant did not place any primary trust in the bank in this transaction. He exchanged his check for the bill of lading, evi-

dencing his right to the possession of the property involved. On the other hand, plaintiff necessarily trusted the bank when it put the papers in its possession empowering it to cause delivery of the property. Only by plaintiff's conduct could the bank have been in position to authorize the delivery to defendant. The bank's authority came solely from plaintiff. That would usually make it the principal.

Plaintiff's contention is contrary to the usual and customary experience of business transactions of this character. This is met however by the claim that defendant named the bank on the order and therefore created his agent. This contention is not met with such judicial recognition as to warrant our adopting that theory. In this case there was but one bank available. Its name was written in the blank space. In the absence of the space there would have been no occasion for defendant to have named any bank. It seems that the information was more likely for the convenience of plaintiff. There was no reason for plaintiff to send its papers to defendant's agent, and it is doubtful if it would intentionally or knowingly do so. It was privileged to use the suggestion or not. If so, under the circumstances it must be held to have done so for itself and for its own purposes. Schafer v. Olson, 24 N. D. 542, 139 N. W. 983, 43 L.R.A.(N.S.) 762, Ann. Cas. 1915C, 653; Burch v. Odell, 54 N. D. 363, 209 N. W. 792, 55 A. L. R. 1162; Welge v. Batty, 11 Ill. App. 461; Wagner v. Spaeth, 36 Wyo. 279, 254 P. 123; Bank of Hatch v. Mossman, 25 N. M. 547, 185 P. 275. Our conclusion is that the local bank was the agent of plaintiff and not defendant and that the sight draft was paid.

Plaintiff cites McMullen v. Peoples S. & L. Assn. 57 Minn. 33, 58 N. W. 820, and Virginia-Carolina Chemical Co. v. Steen, 99 Miss. 504, 55 So. 47, 34 L.R.A.(N.S.) 734. These cases may well be cited. But in the former case this court construed the facts, due to correspondence in the case, as meaning that debtor contemplated making payment through the medium of the bank and held that the bank was its agent. In the latter case the note was payable at a bank in the city where the payee resided. The debtor asked the

holder to send the note to another bank for collection. The note was paid and the bank failed, and it was held that the plaintiff did not waive the right to have the money paid at the bank named on the note. The court construed the transaction as being for the convenience of the debtor and held the bank to be its agent.

Affirmed.