C. C. SNYDER, Guardian, Appellee, v. HARTFORD ACCIDENT & INDEMNITY COMPANY, Appellant, et al.

No. 40763.

JUNE 24, 1932.

H. O. Weaver and Bradshaw, Schenk & Fowler, for defendant appellant.

E. R. Hicklin, for plaintiff, appellee.

Arthur Springer, for defendant L. A. Andrew, Receiver.

ALBERT, J.—The case was tried largely on stipulated facts and from the record in the probate court the following fact situation is gleaned:

The Citizens Savings Bank of Letts, Iowa, was a corporation organized under the banking laws of the state of Iowa. On the 30th day of September, 1918, it was appointed guardian of one George Snyder, an incompetent, and at that time the bond, on which the Hartford Accident & Indemnity Company was surety, was filed and approved in the guardianship matter. The funds on hand at that time which had been turned over to the new guardian by a prior guardian were $8,931.30. The Citizens Savings Bank of Letts closed its doors and a receiver was appointed January 24, 1924. At that time the guardian bank had on hand to the credit of this guardianship the sum of $9,053.60.

In September 1924, after notice, one C. C. Snyder was appointed guardian in place of said bank, and the court made an order refusing to discharge the liability on the bond of said bank in the guardianship. The new guardian filed a claim in the receivership of said bank asking a preference, and on October 3, 1925, the court allowed this claim in the sum of $9,053.60 as a depositor's claim, but without preference. The new guardian, C.

C. Snyder, then brought this action on the bond of the Citizens Savings Bank, and the defenses made by the Indemnity Company to this suit, briefly stated, are:

1st. That the Citizens Savings Bank, as guardian, had deposited this money with itself under order of the court because it had made four reports showing that the assets of the estate were deposited and the said reports were approved by the court.

2d. They contend that if this be not so, the guardian in good faith exercised ordinary care and prudence in making temporary deposit of the funds with itself as a bank, and they had no reason to believe the same was unsafe, and they acted in good faith, exercising ordinary care and prudence.

Taking up the first contention of the appellant, we find that after its appointment as guardian, it filed four reports, to wit: December 15, 1919; April 22, 1921; October 6, 1923; and on October 3, 1924, L. A. Andrew, as receiver, filed a final report of said bank as guardian. It is the claim of the appellant that, these reports having been approved by the court, the responsibility of the guardian (and necessarily of the Surety Company) is thereby released from liability for the loss of this fund.

Section 9285 of the Code, 1924, provides a method by which a guardian may deposit his ward's funds under order of court and discharge himself from further care or responsibility therefor. This section provides the means by which said end may be accomplished, but there is no claim in the instant case that the requirements of this section have been complied with. The claim is that although no such order was made by the court under this section, yet the court, after having learned of the deposit of the assets in the bank through the reports filed by the guardian, approved the same, and it having the right to make the order in the first instance, it had the right to approve the deposit after it was made; and this approval accomplishes the same purpose as though it had been authorized in the first instance.

This doctrine of the subsequent approval of the court relating back and having the same effect as though it had been made prior to the deposit has met with our approval in Robinson v. Irwin, 204 Iowa, 98. The question is, however, whether or not the fact situation in the instant case brings it within that rule. When we turn to the record we find that the reports are only summarized, and do not show on their face, so far as we

are able to determine, that the money was deposited in the bank. But assuming that the reports did so show, they would only show that the guardian bank had deposited the money with itself. Passing the force and effect of such deposit, we find no showing in this record that these guardian's reports were ever called to the attention of the court or a judge and approved by it or him. It is primary law, under our probate procedure, that the clerk of the court is nowhere given power to authorize the deposit of the funds with a bank, nor is he authorized to approve such a deposit. Such orders can only be made by the court or a judge thereof, and there is nothing in the record here to show that any judge or court ever approved such deposit or ordered it in the first instance. In the Robinson case, there was a specific order in addition to the approval of the clerk,—an order from one of the judges of the district court approving the same. This distinguishes the instant case from the Robinson case and the authorities therein cited. The rule in the Robinson case was later re-affirmed in the case of In re Guardianship of Benson, 213 Iowa 492. As bearing somewhat on this proposition, see Andrew v. Winnebago County State Bank, 208 Iowa 392; Cronk v. American Surety Company, 208 Iowa 267; Bookhart v. Younglove, 207 Iowa 800; Des Moines Savings Bank v. Krell ,176 Iowa 437; In the Matter of the Estate of Wisner, 145 Iowa 151; Easton v. Somerville, 111 Iowa 164.

We conclude that the appellant therefore can not escape liability on its bond under its first contention.

As to the second contention, to wit, that the guardian acted in good faith and exercised ordinary care and prudence in temporarily depositing the funds in a bank which it had no reason to believe was unsafe, we have to say that such a rule has been announced by this court and has been repeatedly followed in this state in several cases, among which are Cronk v. American Surety Co., supra, and cases therein cited. See also Andrew v. Sac County State Bank, 205 Iowa 1248.

The question which confronts us at this point is whether this rule has anything to do with the instant case. Here, the bank itself was guardian, and passing the question whether even an order of court could be made for the deposit of this fund with itself, we do not think the above specified rule has any application in view of the fact of its relation to this estate. The sum

total of its contention here is no more than simply to say that it was the taking of this fund from one pocket and putting it into another. Of course, in the conduct of its business as guardian, it would keep an account of this ward's estate. The fact that it may have kept it on the books of the bank would make no difference. We are quite satisfied that if a private individual had been guardian of this estate he could not have released himself or his estate from liability by saying that he had deposited the same with himself, because the funds belonged there at all times unless otherwise ordered by the court. There is nothing, therefore, in appellant's second contention which will relieve it from liability on this bond. The evidence shows quite satisfactorily that the bond was breached by the acts and conduct of the principal, and nothing is shown to relieve the Surety Company from its liability thereon.

It appears from the record that dividends have been paid to the appellee by the receiver of the Citizens Savings Bank, the first amounting to $905.36 and the second to $987.24. The Surety Company should have credit on its liability herein in the total of these two dividends.

The decree of the lower court provided for interest at six per cent from the date of the closing of the bank; but as we compute it, it amounted to $3299.70, instead of $3450.33 as computed by the court. This error in the calculation of interest should be corrected, and the two dividends paid to the appellee should be credited on the liability of the Surety Company, and the original decree modified accordingly; and on payment of the modified decree thus rendered against the Surety Company, it is ordered that it be subrogated to the rights of the guardian in so far as any future dividends may be declared by the receiver of said insolvent bank. As thus modified, the decree of the district court is affirmed.—Modified and affirmed.

WAGNER, C. J., and STEVENS, FAVILLE, and DE GRAFF, JJ., concur.